IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

GEORGE E. BACKES, and
RICK BARCLAY

              Plaintiffs,

v.

DAVID BERNHARDT, *Acting Secretary of Interior, et al*,

              Defendant.

Case No. 1:19-cv-00482-CL

OPINION and ORDER

CLARKE, Magistrate Judge.

Plaintiffs George Backes and Rick Barclay bring this cause of action challenging the final decision of the Bureau of Land Management (BLM) and the Internal Board of Land Appeals (IBLA), which found Plaintiffs in violation of BLM regulations concerning their mining operation and occupancy of public lands. The case comes before the Court on a motion to open discovery (#21) submitted by the Plaintiffs concerning their second claim. On February 12, 2020, the Court held an oral argument hearing on the motion. For the reasons below, the Plaintiffs' motion (#21) is DENIED.

## DISCUSSION

The first claim in this action seeks review pursuant to 5. U.S.C. §§ 701 et seq. (the federal

Administrative Procedures Act or "APA") of a final decision of the United States Department of Interior's Bureau of Land Management through its Interior Board of Land Appeals (IBLA). Plaintiffs' complaint includes a second, separate but related claim, in which they challenge the underlying validity of the final decision because the Noncompliance Notices on which the decision was based are alleged to have been executed by a person who did not have the proper delegated authority. Plaintiffs argue that without the proper delegated authority, the underlying Notices may be void. For this reason, Plaintiffs seek limited discovery as to the signatures on the Notices.

### a. Background

On or about March 18, 2015, Plaintiffs received two Noncompliance Notices issued by the BLM, finding that Plaintiffs were alleged to be illegally operating and occupying their duly located, valid mining claims because of their failure to comply with the BLM's surface management and occupancy regulations found in 43 C.F.R. 3715 and 3809. The Notices are signed by a purported individual whose signature appears to be that of someone named "Jim Bell." At the administrative level, Plaintiffs did not dispute the contents of the Notices, but they did dispute BLM's authority to regulate Plaintiffs' mining claims. On appeal to IBLA, Plaintiffs argued that holders of unpatented mining claims located before the enactment of the Surface Resources Act of 1995 have the exclusive right to use and manage the surface of the claims, subject only to the limitation that use must be "reasonably incident to mining." IBLA disagreed with the Plaintiffs. Even after assuming all of the disputed facts in favor of the Plaintiffs, IBLA found that 43 C.F.R. 3715 and 3809 are consistent with BLM's statutory authority to regulate all mining claims and held that BLM properly applied the regulations to Plaintiffs' claims.

During the years in which the administrative proceedings were pending before the IBLA, Plaintiffs submitted one or more Freedom of Information Act (FOIA) requests attempting to determine the identity of the person who had executed the BLM Notices on behalf of the agency "acting for" Field Manager Allen Bollschweiger. The BLM's responses to the FOIA requests redacted the pertinent information, and the agency has not disclosed the identity of the person who signed the notices. Plaintiffs claim that no one with the name "Jim Bell" or anything similar is known to be associated with the local BLM offices from which the Notices originate, nor has the BLM established that the individual who appears to have executed the Notices had authority to do so. The issue of the signature provided on the Noncompliance Notices was not raised to IBLA, nor was it addressed in those administrative proceedings.

### b. Legal Standard

As this Court has recognized, discovery is not permitted in APA judicial proceedings, except in extraordinary circumstances. *See, e.g., Claiborne v. Sec'y of the Army*, No. 15-cv-1192-BR, 2018 WL 3000542 at *6 (D. Or. June 15, 2018); *Bark v. Northrop*, 2 F. Supp. 2d 1147, 1152 (D. Or. 2014). *See also Hestia Educ. Group, LLC v. King*, 2016 WL 1323079 at *3 (N.D. Cal. Apr. 5, 2016). The Ninth Circuit has repeatedly rejected attempts by plaintiffs to obtain discovery in APA cases. *See, e.g., Friends of the Earth v. Hintz*, 800 F.2d 822, 827-29 (9th Cir. 1986) (affirming district court decision to quash discovery); *Animal Def. Council v. Hodel*, 840 F.2d 1432, 1436-37 (9th Cir. 1988), amended by 867 F.2d 1244 (9th Cir. 1989) (affirming district court order prohibiting discovery).

However, the Ninth Circuit recognizes several exceptions to the general rule that a district court may not consider extra-record evidence in APA cases. *San Luis & Delta-Mendota Water Auth. v. Locke,* 776 F.3d 971, 992 (9th Cir. 2014). A reviewing court may consider extra-

record evidence where admission of that evidence (1) is necessary to determine whether the agency has considered all relevant factors and has explained its decision; (2) is necessary to determine whether the agency has relied on documents not in the record; (3) is necessary to explain technical terms or complex subject matter; or (4) "a plaintiff makes a showing of agency bad faith." *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005) (*quoting Sw. Ctr. For Biological Diversity v. U.S.F.S.*, 100 F.3d 1443, 1450 (9th Cir. 1996)) (internal quotations omitted). These exceptions are meant to "identify and plug holes in the administrative record." *Id.*; *see, e.g., Camp v. Pitts*, 411 U.S. 138, 142–43 (1973). Though widely accepted, these exceptions are narrowly construed and applied. *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005).

### c. The exceptions to the general rule disallowing extra-record evidence in APA cases do not apply here.

Plaintiffs claim that limited discovery is necessary to determine whether the agency has "relied on documents not in the record." In other words, they seek to open discovery based on the second exception to the general rule disallowing extra-record evidence in APA cases. Plaintiffs also contend that the failure of the agency to disclose the identity of the Notice-signer is evidence of agency bad faith. The Court disagrees with both contentions.

First, there is no evidence that the identity or the authority of the person who signed the Noncompliance Notices was a factor in the IBLA decision to uphold the BLM's actions in this case. It was not raised by either of the parties, and the underlying facts of the case were not disputed by the parties. The substance of the IBLA decision was a legal one, which determined the applicability of the BLM regulations to the Plaintiffs' particular mining claims. No decision was made by IBLA regarding the form or substance of the Noncompliance Notices, nor did IBLA determine whether authority was properly delegated by a field manager to the person who

signed the Notices. There is no indication that IBLA "relied" on documents not in the record to make either determination because no such determination was made.

As the defendant points out, the IBLA decision is the only "final agency action" that is appealable and reviewable by this Court. *See Nat'l Parks & Conservation Ass'n v. Bureau of Land Mgmt.*, 606 F.3d 1058, 1064-65 (9th Cir. 2010) (holding that an IBLA decision was the "final agency action" for judicial review, not the underlying BLM decision). The underlying BLM decisions in this case, including the Noncompliance Notices issued to Plaintiffs, are not reviewable.

The Court also finds no evidence or implication of bad faith. The BLM gave a satisfactory answer for why it did not disclose the identity of the person who signed the Noncompliance Notice, including safety concerns. While Plaintiffs have denied the characterization of the encounters between the parties, they have provided no plausible reason to question the BLM's motives for withholding the information.[1]

### d. Even if the underlying Notices were reviewable final agency actions, there is no statutory legal basis for the Plaintiff's second claim.

"There is no right to sue for a violation of the APA in the absence of a relevant statute whose violation forms the legal basis" for the claim. *El Rescate Legal Servs., Inc. v. Exec. Office of Immigration Review*, 959 F.2d 742, 753 (9th Cir. 1991) (internal quotations omitted). *See also Or. Nat. Res. Council v. Thomas*, 92 F.3d 792, 797, nn.10 & 11 (9th Cir. 1996). The APA "do[es] not declare self-actuating substantive rights, but rather, . . . merely provide a vehicle for enforcing rights which are declared elsewhere." *Perales v. Casillas*, 903 F.2d 1043, 1050 n. 4 (5th Cir. 1990) (*citing El Rescate*, 959 F.2d at 753). Plaintiffs' second claim is based on the

---

[1] Additionally, the appeals process and standard of review for a FOIA request is separate and distinct from the discovery process. Here, Plaintiffs have not brought their claim under FOIA (5 U.S.C. § 552), therefore the Court declines to review the requests and responses given under that standard.

failure of the BLM to properly delegate authority to sign the Noncompliance Notices issued to Plaintiffs. While Plaintiffs cite to the internal BLM Manual and internal BLM policies requiring such delegation, there is no statute establishing a duty to delegate the signatory authority that would create a legal basis for the claim. Because this claim is not legally cognizable, discovery on the issue would be inappropriate.

### e. Even if the claim were cognizable, any signature error was harmless in this case.

The APA requires that courts take due account of harmless error. U.S.C. § 706; *Shinseki v. Sanders*, 556 U.S. 396, 406 (2009). An error is harmless "when a mistake of the administrative body is one that clearly had no bearing on the procedure used or the substance of decision reached." *Nat. Res. Def. Council v. U.S. Forest Serv.*, 421 F.3d 797, 807 (9th Cir. 2005).

As discussed above, the substance of the decision made by IBLA was a legal conclusion that the BLM regulations applied to the Plaintiffs' mining claims. Plaintiffs did not dispute any of the underlying facts alleged by the BLM about their mining operations or occupancy and use of the land at issue. Any signature-delegation error that may have occurred would not have impacted the underlying facts of the case, which were conceded by Plaintiffs, nor would it have impacted Court's analysis that the BLM regulations applied to Plaintiff's claims. Therefore, any error was harmless and did not prejudice Plaintiffs in this case.

## ORDER

For the reasons stated above, Plaintiffs' motion to open discovery (#21) is DENIED.

It is so ORDERED and DATED this 24 day of February, 2020.

MARK D. CLARKE
United States Magistrate Judge